**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TAMMY AURORA MANN,

               Petitioner–Appellant,

v.

DEBBIE ALDRIDGE, Warden, Mabel
Basset Correctional Center,

               Respondent–Appellee.

No. 18-6193
(D.C. No. 5:18–CV–00367–HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

Petitioner Tammy Aurora Mann, an Oklahoma state prisoner represented by

retained counsel, seeks a certificate of appealability to appeal the district court's dismissal

of her 28 U.S.C. § 2254 habeas corpus petition.

Petitioner was convicted by an Oklahoma jury of first-degree manslaughter in

connection with a fatal traffic accident, and she was sentenced to twenty years of

imprisonment. Her direct appeal and state post-conviction action were both unsuccessful.

Petitioner then filed the instant petition for federal habeas relief, in which she argued that

she received ineffective assistance of counsel relating to (1) her sleep-apnea defense, and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2) the government's evidence of impairment. A magistrate judge analyzed Petitioner's claims in a sixteen-page report and recommendation and concluded that she had failed to establish a basis for relief under the deferential standards of 28 U.S.C. § 2254(d). The district court subsequently entered a three-page order stating that the court had conducted a de novo review and agreed that Petitioner had not shown a sufficient basis for habeas relief. The court accordingly adopted the magistrate judge's report and recommendation and denied the habeas petition.

In her application for a certificate of appealability, Petitioner first contends that "the District Court's 'de novo' review is insufficient to constitute a de novo review where there is no analysis of Petitioner's objections." (Appellant's Br. at 1.) On the merits, she argues that the district court erred in deferring to the state court's determination that she had not shown ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). She argues that the state court unreasonably applied the Supreme Court's standards for assessing harmless error as set forth in *Chapman v. California*, 386 U.S. 18, 24 (1967), in determining that she had not shown prejudice resulting from counsel's alleged ineffectiveness. She further argues that the evidence introduced by the government violated *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and the Federal Rules of Evidence.

None of these arguments hold any persuasive force. First, we "presume the district court knew" of its responsibility to conduct a de novo review of the record, "so the

-2-

express references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist.*, 8 F.3d 722, 724 (10th Cir. 1993). We have specifically rejected the argument that the brevity of a "three-page order indicates the exercise of less than de novo review": "[S]uch brevity does not warrant 'look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record.'" *Id.* (quoting *Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir. 1991)) (alteration in original).

Second, the district court appropriately deferred to the state court's determination that counsel's alleged errors did not warrant relief under *Strickland*. A federal court "may 'issue the writ' only when the petitioner shows 'there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (alternations in original). "'The more general the rule'—like the one adopted in *Strickland*—'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Id.* (quoting *Richter*, 562 U.S. at 101) (alterations in original).

Third, Petitioner has confused the standard for determining whether a defendant has shown prejudice under *Strickland* with the distinct standard for determining whether a constitutional error is harmless under *Chapman*. The state court never conducted a harmless error review of her claims, nor was it required to do so where it had not found a

constitutional error to begin with. The state court appropriately applied the deferential *Strickland* standard, under which a petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Richter*, 562 U.S. at 104 (internal quotation marks omitted).

Finally, *Daubert* and the other federal evidentiary cases cited by Petitioner are not relevant in this § 2254 habeas action. *See Wilson v. Sirmons*, 536 F.3d 1064, 1101–02 (10th Cir. 2008). These cases do not set forth constitutional guidelines, but simply interpret and apply the Federal Rules of Evidence, which govern federal trials, not state trials like Petitioner's. *See id.* The "only relevant question" for a federal habeas court to ask regarding a state court's admission of evidence is whether the admitted evidence "rendered the trial fundamentally unfair." *Id.* at 1102. We are not persuaded that Petitioner has shown such fundamental unfairness here.

We have thoroughly reviewed the appellate record, Petitioner's arguments, and the pertinent cases, and we see no basis for federal habeas relief under the deferential 28 U.S.C. § 2254(d) standard. We accordingly **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-